## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

IYARE EGONMWAN,

    Plaintiff,

    v.

COOK COUNTY SHERIFF'S
DEPARTMENT, MICHAEL F. SHEAHAN,
in his individual capacity as Sheriff of Cook
County, Illinois, CALLIE BAIRD, in her
individual capacity, KATIE HARRISON, in
her individual capacity, SCOTT
KURTOVICH, in his individual capacity,
TIMOTHY KAUFMANN, in his individual
capacity, MIRIAM RENTAS, in her individual
capacity, SAMUEL A. MOSLEY, in his
individual capacity, the COUNTY OF COOK,
a unit of local Government,

    Defendants.

FILED

SEP - 1 2006

SEP 1 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT C

06cv4764
JUDGE ST EVE
MAGISTRATE JUDGE MASON

Honorable Judge

Magistrate Judge

JURY TRIAL DEMANDED

### COMPLAINT

    Plaintiff, IYARE EGONMWAN, complaining against Defendants, COOK COUNTY

SHERIFF'S DEPARTMENT, MICHAEL F. SHEAHAN, in his individual capacity as Sheriff of

Cook County, Illinois, CALLIE BAIRD, in her individual capacity, KATIE HARRISON, in her

individual capacity, SCOTT KURTOVICH, in his individual capacity, TIMOTHY

KAUFMANN, in his individual capacity, MIRIAM RENTAS, in her individual capacity,

SAMUEL A. MOSLEY, in his individual capacity, the COUNTY OF COOK, a unit of local

Government, states as follows:

## INTRODUCTION

1.      Plaintiff brings this action to redress acts of gender and race discrimination pursuant to 42 U.S.C. § 1983 in violation of Plaintiff's equal protection rights guaranteed under the United States Constitution (Count I); for racial discrimination in violation of 42 U.S.C. § 1981 (Count II); for retaliation in violation of 42 U.S.C. § 1981 (Count III); and for retaliation in violation of the First Amendment pursuant to 42 U.S.C. § 1983 (Count IV).

2.      This Court has jurisdiction over Count I pursuant to 42 U.S.C. §1983 and 28 U.S.C. §1343; over Count II pursuant to 42 U.S.C. § 1981 and 28 U.S.C. §1343; over Count III pursuant to pursuant to 42 U.S.C. § 1981 and 28 U.S.C. §1343; and over Count IV pursuant to 42 U.S.C. §1983 and 28 U.S.C. §1343.

3.      Venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c) because the Plaintiff and all of the Defendants either reside in this district or have their principal place of business in this district, and all events giving rise to Plaintiff's claims occurred within this district.

## PARTIES

4.      Plaintiff IYARE EGONMWAN ("EGONMWAN") is an African American male residing within the Northern District of Illinois.

5.      Plaintiff EGONMWAN was appointed as a correctional officer for the Cook County Sheriff's Department on March 2, 1999.

6.      Defendants Cook County Sheriff's Department, MICHAEL F. SHEAHAN, CALLIE BAIRD, KATIE HARRISON, SCOTT KURTOVICH, TIMOTHY KAUFMANN, MIRIAM RENTAS, and SAMUEL A. MOSLEY caused charges to be brought against Plaintiff before the Cook County Sheriff's Office Merit Board. In or about February 2005, Plaintiff was terminated by the Cook County Sheriff's Office Merit Board.

2

7.      Defendant Cook County is a municipality incorporated under the laws of the State of Illinois.  Cook County administers itself through departments, one of which is the Cook County Sheriff's Department ("Sheriff's Department").

8.      At all relevant times and currently, Defendant Michael F. Sheahan ("Sheriff Sheahan") served in the elected position of Sheriff of Cook County, Illinois.  Sheriff Sheahan is sued in his official and individual capacity as Sheriff of Cook County.

9.      Defendant CALLIE BAIRD is sued in her individual capacity.  At all times relevant hereto, Defendant BAIRD was the Executive Director of the Cook County Department of Corrections and acted under color of law.

10.     Defendant KATIE HARRISON is sued in her individual capacity.  At all times relevant hereto, Defendant HARRISON was the Superintendent over Division 4 of the Cook County Department of Corrections and acted under color of law.

11.     Defendant SCOTT KURTOVICH is sued in his individual capacity.  At all times relevant hereto, Defendant KURTOVICH was the Assistant Executive Director of the Cook County Department of Corrections and acted under color of law.

12.     Defendant TIMOTHY KAUFMANN is sued in his individual capacity.  At all times relevant hereto, Defendant KAUFMANN was the Director of Internal Affairs of the Cook County Department of Corrections and acted under color of law.

13.     Defendant MIRIAM RENTAS is sued in her individual capacity.  At all times relevant hereto, Defendant RENTAS was the investigator in charge of the false, malicious, discriminatory and retaliatory investigation against Plaintiff.  Defendant RENTAS acted under color of law.

3

14.     Defendant SAMUEL A. MOSLEY is sued in his individual capacity. At all times relevant hereto, Defendant MOSLEY was the Deputy Chief assigned to the false, malicious, discriminatory and retaliatory investigation against Plaintiff. Defendant MOSLEY acted under color of law.

## FACTS UPON WHICH CLAIMS ARE BASED

15.     Plaintiff EGONMWAN was appointed as a correctional officer for the Cook County Sheriff's Department on or about March 2, 1999.

16.     At all relevant times, Plaintiff fulfilled his assigned duties as a correctional officer satisfactorily.

17.     On or about September 20, 2001, Defendant Harrison told Plaintiff that she could make his life easier if "we would go out." Plaintiff stated that taking her out was not possible and immediately left her office.

18.     After Plaintiff rebuffed Defendant Harrison's advances, she started retaliating against Plaintiff and continually harassing him, including writing him up, humiliating him in the hallways and at roll call, and discussing his personal medical information with others and out in the open.

19.     Defendant Harrison continuously commented on Plaintiff's muscles, and had commented when they were on the same day off group that she was now free on her days off, and that she knew that Plaintiff had been sick but that she would "keep [him] on [his] back the whole time." Defendant Harrison repeatedly made comments to Plaintiff about his crotch and looked at the front of his pants, and on at least one occasion stated in effect, "I can see your friend [his penis] is happy to see me," and "I could have a good time with your friend." She also asked Plaintiff if her "tight ass" wasn't "tight enough" for him.

4

20. Defendant Harrison stated in effect, "I am the Captain and what I say goes." She also told Plaintiff that the Director and the Superintendent back her. Plaintiff believes that the Directors, Director Velasco and Assistant Director Lyles, failed to protect him because Defendant Harrison was intimately involved with Director Velasco. Defendant Harrison told Plaintiff many times that she and Director Velasco and Lyles "were very close."

21. In 2002, Plaintiff filed several complaints of sexual harassment and retaliation against Defendant Harrison. Plaintiff complained that he was scared and was concerned for his safety. Plaintiff requested to be transferred. Defendants denied and caused to be denied that request.

22. Plaintiff filed a complaint with the Superintendent, Debra Hopkins, the Internal Affairs Division, and the Office of Inspector General. Defendants violated the standard policy and procedure and failed and refused to transfer Defendant Harrison while the complaint was pending.

23. Defendant Harrison retaliated against Plaintiff for making the complaint of sexual harassment against her.

24. After Plaintiff complained about Defendant Harrison, Defendant Harrison and then Director Velasco had Plaintiff de-deputized on or about September 1, 2002.

25. Defendants allowed Defendant Harrison to retaliate against Plaintiff during the ongoing investigation and following.

26. Defendant Harrison retaliated against Plaintiff by subjecting him to unwarranted write-ups and other disciplinary action. Defendant Harrison singled Plaintiff out because of his race and gender by subjecting him to unwarranted and disproportionate write-ups and other disciplinary action.

5

27.     Plaintiff was required to miss several days of work for medical reasons, which were documented by his treatment providers. Defendant Harrison refused, despite Department policy to the contrary, to accept Plaintiff's doctor's notes excusing his absences.

28.     Defendant Harrison retaliated against Plaintiff by violating his privacy rights in disclosing his private medical information during Department roll calls.

29.     Defendant Harrison in retaliation for Plaintiff complaining about her unlawful conduct stated to Plaintiff that she intended to make his life "hell."

30.     Defendants awarded Defendant Harrison for her conduct by promoting her to Superintendent.

31.     After Harrison was promoted to Superintendent, she stated to Plaintiff, "I am going to f_ck your life up."

32.     Defendant HARRISON, with the knowledge and consent of Defendants KURTOVICH and BAIRD, told another African American male employee, Officer Kenneth Swearnigen-El, that it was her intent to get rid of all of the male employees in the Division, stating that her "first goal as superintendent was to remove all the men out of the division," and "you [referring to Officer Swearnigen-El] must go. If we remove you, then the rest will follow." Defendant Harrison also stated that the new Director (Defendant Baird) and the Sheriff (Defendant Michael Sheahan) "have given me permission to get the job done."

33.     In or about 2003, Defendants initiated and caused to be initiated an investigation into allegations of misconduct by male officers in the female division, Division 4.

34.     Defendants, with knowledge and consent, and/or acquiescence of each other and other agents of the Sheriff's Office, threatened, coerced, and offered "deals" to female inmates to lie and implicate Plaintiff and two other African American male officers.

35. Defendant HARRISON also questioned some of the female inmates and threatened and coerced them into implicating Plaintiff and other African American male officers without cause or justification and with malice and forethought.

36. Defendant KAUFMANN was the Director of Internal Affairs and in charge of the investigations initiated against officers.

37. Defendant KAUFMANN is listed as the "Complainant" on the Summary Report of the investigation against Plaintiff and the other African American male officers.

38. Defendant KAUFMANN, with the knowledge and consent and/or at the direction of the other Defendants, caused Plaintiff and two other African American male correctional officers to be investigated and implicated in the alleged wrongdoing and caused Plaintiff and two other African American employees to be subject to criminal charges for which they were all exonerated and found not guilty.

39. Defendant RENTAS was the investigator in charge of the false, malicious, discriminatory and retaliatory investigation against Plaintiff.

40. Defendant MOSLEY was a Deputy Chief that approved of the investigation and criminal charges being initiated against Plaintiff. Defendant MOSLEY was also in charge of the false, malicious, discriminatory and retaliatory investigation against Plaintiff.

41. Defendant KAUFMAN, as the Director of Internal Affairs, was also in charge of and oversaw the investigation against Plaintiff, which was false, malicious, discriminatory and retaliatory.

42. Defendants KAUFMANN, MOSLEY, and RENTAS, along with the other Defendants, have conducted other malicious and unwarranted investigations of officers based on their race and gender and in retaliation for them speaking out about matters of public concern.

7

43.     Defendants subjected Plaintiff to a malicious and unwarranted investigation in retaliation for speech on matters of public concern.

44.     Defendants issued and caused to be issued statements to the press and the public that were defamatory and slanderous.

45.     Defendants "sustained" the charges against Plaintiff despite the fact that he was never questioned and was not afforded a hearing or other opportunity to clear his name of the false accusations against him.   Plaintiff was also notified that he was suspended with pay pending a Loudermill Hearing.

46.     Defendants caused criminal charges to be brought against Plaintiff and caused Plaintiff to be arrested.

47.     Plaintiff was repeatedly told in effect that if he resigned "all of this would go away."

48.     Plaintiff was subjected to malicious prosecution on multiple felony charges.

49.     The prosecution of Plaintiff was without probable cause and was based on false testimony by Defendants and by Defendants' agents and at the direction and consent of Defendants.

50.     Plaintiff was indicted based upon the false and malicious investigation by Defendants and false testimony Defendants caused to be provided to the grand jury.

51.     Defendants caused Plaintiff to be held in custody for two days, and interrogated and questioned him without advising him of the charges against him or his right to counsel, and refused to provide him with the opportunity to make a phone call.  Defendants caused Plaintiff to be treated worse than a common criminal when in fact he was an officer of the law.  While being held in custody and pressured to confess to acts he never committed, Plaintiff was handed a

8

blank sheet of paper and told to sign it. All of these actions were in violation of Plaintiff's constitutional rights as well as his rights under the Illinois Uniform Peace Officer's Disciplinary Act, 50 ILCS 725/1, *et seq.*

52.     Plaintiff has been unable to find employment because of Defendants' defamatory and slanderous statements to the press and malicious prosecution of Plaintiff. Defendants' comments to the press, malicious prosecution, and initiation of criminal charges against Plaintiff intentionally interfered with Plaintiff's ability to find employment.

53.     On or about September 3, 2004, Plaintiff was acquitted of all charges and a directed finding was entered of "not guilty."

54.     After Plaintiff was acquitted of the charges, Defendants filed notice of charges before the Cook County Sheriff's Merit Board seeking Plaintiff's termination, which were without cause or justification.

55.     In or about February 2005, the Sheriff's Merit Board heard the charges against Plaintiff and approved of the request to terminate Plaintiff's employment with the Sheriff's Office.

56.     Plaintiff was subject to a frivolous investigation, false charges, and malicious prosecution for which there was no probable cause, because of his race (African American) and gender (male).

57.     Plaintiff was subject to a frivolous investigation, false charges, and malicious prosecution for which there was no probable cause in retaliation for his free speech and in retaliation of his Fourth Amendment rights.

58.     Defendants have engaged in a pattern and practice of discrimination against African American and minority employees because of their race.

9

59.     Similarly situated female and white employees were not treated in the same manner as Plaintiff and other African American male employees.

60.     Defendants have engaged in a pattern and practice of retaliation against employees who have complained about discrimination and who have spoken out on matters of public concern.

61.     Defendants intentionally retaliated against Plaintiff for complaining about Defendants' unlawful conduct, which was a matter of public concern, including but not limited to race and gender discrimination and retaliation against employees.

62.     By and through their conduct, Defendants created a hostile work environment against Plaintiff based on his race and gender and in retaliation for his complaints.

63.     Defendants' conduct constitutes a continuing violation.

64.     Defendants and Defendants' command staff and supervisors had knowledge of the complained of conduct and refused or failed to take action to terminate or correct such conduct, although they had the power and authority to do so.

## COUNT I

### (§ 1981 – Race Discrimination)

65.     Plaintiff restates and realleges by reference paragraphs 1 through 64 as if fully set forth herein against all Defendants.

66.     Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment by subjecting Plaintiff to a frivolous investigation, false charges, and malicious prosecution, and terminating Plaintiff.

67.     Defendants' actions reflect a policy, custom, or pattern of official conduct of engaging in and condoning discrimination against individuals based on their race.

68.     The conduct alleged herein constitutes a pattern, custom, and practice of discrimination against African American persons based on their race.   All of Defendants' employment practices as alleged herein were undertaken with discriminatory intent.   This conduct constitutes an official policy or custom of the Cook County Sheriff's Department, which has adversely affected Plaintiff and violated his rights to make and enforce contracts and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationships, under 42 U.S.C. § 1981.

69.     Defendants Cook County, the Sheriff's Department, and Sheriff Sheahan are responsible for the acts of Sheriff Department supervisors, who were acting within the scope of their employment and pursuant to a policy, custom, and/or pattern of race discrimination.

70.     Defendants intentionally discriminated against Plaintiff with malice or reckless indifference to Plaintiff's civil rights, thereby entitling Plaintiff to punitive damages against the individual Defendants.

11

71.    The actions of the Defendants have caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

WHEREFORE, Plaintiff seeks the following relief as to Count I of the Complaint:

a.    All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

b.    Compensatory damages in an amount to be determined at trial;

c.    A permanent injunction enjoining the Defendants from engaging in the discriminatory practices complained of herein;

d.    A permanent injunction requiring that the Defendants adopt employment practices and policies in accord and conformity with the requirements of the Civil Rights Act of 1871, 42 U.S.C. § 1981, and further requiring that Defendants adopt and initiate effective remedial actions to ensure equal treatment based on race;

e.    A declaratory judgment that Defendants' actions violate 42 U.S.C. § 1981;

f.    The Court retain jurisdiction of this case until such time as it is assured that the Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

g.    Punitive damages as allowed by law as against the individual Defendants only;

h.    An award of reasonable attorneys' fees, costs, and litigation expenses; and

i.    Such other relief as the Court may deem just or equitable.

## COUNT II

### (§ 1983 – Gender and Race Discrimination)

72.    Plaintiff restates and realleges by reference paragraphs 1 through 64 as if fully set forth herein against all Defendants.

12

73. At all times relevant hereto, Defendants acted as employees, supervisors, and final policymakers for the Cook County Sheriff's Department and its respective agencies.

74. Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment by subjecting Plaintiff to a frivolous investigation, false charges, malicious prosecution, and termination.

75. Defendants' actions reflect a policy, custom, or pattern of official conduct of engaging in and condoning discrimination against individuals based on their gender and race.

76. Defendant SHEAHAN is a policymaker for the Sheriff's Department and has final policymaking authority.

77. The actions of the Defendants against Plaintiff violated his equal protection right to be free from discrimination based on his gender and race under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

78. All Defendants have acted under color of state law at all material times hereto.

79. The actions of the Defendants were intentional, willful, and malicious and/or in reckless disregard of Plaintiff's rights as secured by 42 U.S.C. § 1983 and the Civil Rights Act of 1991.

80. The actions of the Defendants have caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE,** Plaintiff seeks the following relief as to Count III of the Complaint:

a.   All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

b.   Compensatory damages in an amount to be determined at trial;

13

c.  A permanent injunction enjoining the Defendants from engaging in the discriminatory practices complained of herein;

d.  A permanent injunction requiring that the Defendants adopt employment practices and policies in accord and conformity with the requirements of the Civil Rights Act of 1871, 42 U.S.C. § 1983, and further requiring that Defendants adopt and initiate effective remedial actions to ensure equal treatment of employees based on their race and gender;

e.  A declaratory judgment that Defendants' actions violate the Fourteenth Amendment to the United States Constitution;

f.  The Court retain jurisdiction of this case until such time as it is assured that the Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

g.  Punitive damages as allowed by law as against the individual Defendants only;

h.  An award of reasonable attorneys' fees, costs, and litigation expenses; and

i.  Such other relief as the Court may deem just or equitable.

## COUNT III

### (§ 1981 – Retaliation)

81.     Plaintiff restates and realleges by reference paragraphs 1 through 64 as if fully set forth herein against all Defendants.

82.     Defendants intentionally retaliated against Plaintiff to retaliation by subjecting Plaintiff to a frivolous investigation, false charges, malicious prosecution, and termination.

83.     Defendants' actions reflect a policy, custom, or pattern of official conduct of engaging in and condoning retaliation against individuals based on their opposing Defendants' discriminatory practices.

84.     The conduct alleged herein constitutes a pattern, custom, and practice of retaliation against employees. All of Defendants' employment practices as alleged herein are undertaken with retaliatory intent. This conduct constitutes an official policy or custom of the

14

Cook County Sheriff's Department, which has adversely affected Plaintiff and violated his rights to make and enforce contracts and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationships, under 42 U.S.C. § 1981.

85.     Defendants Cook County, the Sheriff's Department, and Sheriff Sheahan are responsible for the acts of Sheriff Department supervisors, who were acting within the scope of their employment and pursuant to a policy, custom, and/or pattern of race discrimination.

86.     Defendants intentionally discriminated against Plaintiff with malice or reckless indifference to Plaintiff's civil rights, thereby entitling Plaintiff to punitive damages against the individual Defendants.

87.     The actions of the Defendants have caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiff seeks the following relief as to Count V of the Complaint:

a.      All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

b.      Compensatory damages in an amount to be determined at trial;

c.      A permanent injunction enjoining the Defendants from engaging in the discriminatory practices complained of herein;

d.      A permanent injunction requiring that the Defendants adopt employment practices and policies in accord and conformity with the requirements of the Civil Rights Act of 1871, 42 U.S.C. § 1981, and further requiring that Defendants adopt and initiate effective remedial actions to ensure equal treatment based on race and gender;

e.      A declaratory judgment that Defendants' actions violate 42 U.S.C. § 1981;

f.      The Court retain jurisdiction of this case until such time as it is assured that the Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

g.    Punitive damages as allowed by law as against the individual Defendants only;

h.    An award of reasonable attorneys' fees, costs, and litigation expenses; and

i.    Such other relief as the Court may deem just or equitable.

## COUNT IV

### (1983 Violation of First Amendment)

88.    Plaintiff restates and realleges by reference paragraphs 1 through 64 as if fully set forth herein against all Defendants.

89.    At all times relevant hereto, Defendants acted as employees, supervisors, and final policymakers for the Cook County Sheriff's Department and its respective agencies.

90.    Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment by subjecting Plaintiff to a frivolous investigation, false charges, and malicious prosecution and causing Plaintiff to be constructively discharged.

91.    The conduct of Defendants was and became the custom and practice of the Cook County Sheriff's Department, the County of Cook and Sheahan, officially and individually.

92.    By Defendants' actions, Plaintiff suffered compensable injury and harm as a result of the denial of rights guaranteed to him pursuant to the First Amendment to the United States Constitution.

93.    The conduct of Defendants violated Plaintiff's right to free speech and free association as provided by the First Amendment to the Constitution.

94.    Defendants intentionally discriminated against Plaintiff with malice or reckless indifference to Plaintiff's civil rights, thereby entitling Plaintiff to punitive damages against the individual Defendants.

95.    The actions of the Defendants have caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

96.    The actions of the Defendants were intentional, willful, and malicious and/or in reckless disregard of Plaintiff's rights as secured by 42 U.S.C. § 1983 and the Civil Rights Act of 1991.

**WHEREFORE,** Plaintiff seeks the following relief as to Count VI of the Complaint:

a.    All wages and benefits Plaintiff would have received but for the retaliation, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

b.    Compensatory damages in an amount to be determined at trial;

c.    A permanent injunction enjoining the Defendants from engaging in the constitutional violations complained of herein;

d.    A permanent injunction requiring that the Defendants adopt employment practices and policies in accord and conformity with the requirements of the Civil Rights Act of 1871, 42 U.S.C. § 1983;

e.    A declaratory judgment that Defendants' actions violate the First Amendment to the United States Constitution;

f.    The Court retain jurisdiction of this case until such time as it is assured that the Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

g.    Punitive damages as allowed by law as against the individual Defendants only;

h.    An award of reasonable attorneys' fees, costs, and litigation expenses; and

i.    Such other relief as the Court may deem just or equitable.

Respectfully Submitted,

IYARE EGONMWAN

Plaintiff's Attorney

Dana L. Kurtz, Esq. (6256245)
KURTZ LAW OFFICES, LLC
414 South State Street
Lockport, Illinois 60441
Phone: 815.838.0968
Facsimile: 312.893.2239
E-mail: dkurtz@kurtzlaw.us

18